

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

April 10, 2024

Hon. P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:     *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, **1:24-cv-02074-PKC**

Dear Judge Castel:

      We represent Defendant Gryphon Digital Mining, Inc. ("Gryphon") in the above-captioned matter. There are no conferences presently scheduled before the Court in this action.[1] Pursuant to Your Honor's Individual Practices, Gryphon writes to seek leave to move to dismiss Sphere 3d Corp.'s ("Sphere") complaint (the "Complaint") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), which was filed on March 19, 2024. ECF No. 1.

      Sphere's Complaint arises out of a dispute between the parties under a Master Services Agreement (the "MSA"). In the Main Action, which is currently in discovery, the parties have filed claims against one another for breach of the MSA.

      The new Complaint is a wholly unnecessary, and legally defective, effort by Sphere to multiply the proceedings and cause additional cost and burden to Gryphon. The Complaint asserts that Gryphon failed to distribute the contents of a digital wallet (the "Digital Wallet"), held by Gryphon on Sphere's behalf under the MSA. But, as Sphere readily admits in the Complaint, Gryphon had agreed before the Complaint was filed to make the refund. However, the refund was delayed by Sphere's own failure to provide information required to calculate the refund. In any event, the refund has now been completed and while there are minor differences between the parties on the calculation, the amount is *de minimis*.

      Further, besides being largely moot, Sphere's claims are legally defective and must be dismissed. The MSA, which indisputably governs the obligations of the parties, does not contain any requirements relating to the timing of any refund of assets held in the Digital Wallet. Sphere recognizes this, as the Complaint does not cite a single provision of the MSA that has been breached and does not assert any claim for breach of the MSA. Instead, in order to manufacture a claim where none exists, Sphere asserts legally defective claims for conversion (Count I) and promissory estoppel (Count II). Both must be dismissed.

---

[1] There is a case management conference scheduled for September 30, 2024 in another action before this Court in *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, Case No. 23-cv-02954-PKC, which the Court accepted as related on April 8, 2024 (the "Main Action"). ECF No. 9.

**I.     Count I of Sphere's Complaint Fails to State a Claim for Conversion Under New York Law**

**A. Sphere Fails to Satisfy the Necessary Elements of a Conversion Claim**

Sphere's claim for conversion fails as a matter of law.  To state a claim for conversion, a plaintiff must show that the defendant (1) acted without authorization; (2) exercised dominion or a right of ownership over property belonging to another; (3) the rightful owner makes a demand for the property; and (4) the demand for the return is refused. *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 174 (S.D.N.Y. 2012) (Castel, D.J.).

Sphere's claim for conversion fails to meet the first, second, and fourth elements of a conversion claim.  With respect to the first element, Sphere fails to adequately allege that Gryphon was acting without authorization by managing the assets held in the Digital Wallet at any point during the purportedly relevant time period.  Nor could it given that the parties expressly agreed that Gryphon would control the Digital Wallet. Ex. 3 at 2.[2]  With respect to the second element, Sphere fails to plausibly allege that Gryphon exercised unauthorized dominion or control of those assets.  **To the contrary, Sphere admits in the Complaint that Gryphon agreed in writing through counsel that the property would be returned upon completion of the necessary calculations**.  Thus, Sphere's own allegations concede that Gryphon did not exercise unauthorized dominion or control of the assets held in the Digital Wallet.

Likewise, Sphere fails to adequately allege that Gryphon ever refused any demand to return the assets held in the Digital Wallet.  "When a defendant's possession of the property was initially lawful, there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made." *Regions Bank v. Wieder & Mastroianni, P.C.*, 526 F. Supp. 2d 411, 414 (S.D.N.Y. 2007), *aff'd*, 268 F. App'x 17 (2d Cir. 2008).  It is **undisputed** that Gryphon validly maintained possession of the assets stored in the Digital Wallet under the terms of the MSA. *See, e.g.*, Ex. 3 at 2 (providing that Gryphon "shall at all times control the digital wallet").  Sphere appends a trove of innocuous emails to its Complaint with Gryphon's counsel, but not a single communication shows Gryphon ever refusing to return any of the assets held in the Digital Wallet.  This defect is fatal to Sphere's claim for conversion.

**B. Sphere's Defective Conversion Claim is Actually a Breach of Contract Claim Masquerading as a Conversion Claim**

*Second*, Sphere's claim for conversion should also be dismissed because it is actually a breach of contract claim improperly disguised as a conversion claim.  Under New York law, conversion claims fail as a matter of law where they are duplicative of, or merely state, a violation of contractual rights. *See, e.g.*, *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, No. 17-CV-307(PKC), 2021 WL 4460547, at *15 (S.D.N.Y. Sept. 29, 2021) ("New York law is clear that a cause of action for conversion cannot be predicated on a mere breach of contract") (internal quotation marks omitted).  Sphere's claim for conversion arises out of the same subject matter covered by the contract that the parties freely and voluntarily entered – Gryphon's role as the exclusive manager of the Digital Wallet. Accordingly, Sphere's conversion claim is, in reality, a contractual claim, thereby mandating dismissal under New York law.

---

[2] References to exhibits are references to the exhibits attached to Sphere's Complaint.

### II. Count II of Sphere's Complaint Fails to State a Claim for Promissory Estoppel Under New York Law

#### A. Sphere Cannot Maintain a Claim for Promissory Estoppel because the MSA is a Valid and Enforceable Contract that Covers the Same Subject Matter Forming the Basis for this Claim

Further, the MSA, which is a valid and enforceable contract, covers the subject matter forming the basis for Sphere's promissory estoppel claim. Under New York law, a plaintiff cannot maintain a promissory estoppel claim where a valid and enforceable contract governs the same subject matter. *Venture Grp. Enters., Inc. v. Vonage Bus. Inc.*, No. 20CV4095RAOTW, 2023 WL 6540703, at *10 (S.D.N.Y. Oct. 6, 2023) (stating that a claim for promissory estoppel can only survive "in the absence of a valid and enforceable contract governing the same subject matter"). Here, it is undisputed that the MSA is a valid and enforceable contract between the parties. *See, e.g.*, Compl. ¶¶ 15-17. Further, the MSA expressly covers the subject matter that is now the basis for Sphere's promissory estoppel claim – *i.e.*, Gryphon's role as the exclusive manager of the Digital Wallet.

#### B. Sphere has Failed to Establish the Essential Elements of a Promissory Estoppel Claim under New York Law

Sphere has also not plausibly pled the essential elements of a promissory estoppel claim under New York law. Sphere does not plausibly allege reasonable or foreseeable reliance – indeed, the Complaint failed to allege that Sphere changed its position to its detriment in any way. *Schroeder v. Pinterest Inc.*, 133 A.D.3d 12, 32, 17 N.Y.S.3d 678, 694 (1st Dep't 2015) ("Detrimental reliance is an indispensable element of a promissory estoppel claim, and a failure to adequately plead that element requires dismissal") (internal citations omitted). Further, Sphere has not plausibly pled any injury it sustained to support its promissory estoppel claim. As discussed above, any payment due to Sphere has already been made. Thus, Sphere's receipt of the assets held in the Digital Wallet precludes any additional recovery under both the express terms of the MSA and applicable New York law.

### III. Conclusion

Accordingly, Gryphon respectfully requests leave to file a motion to dismiss Sphere's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). If the Court grants Gryphon's request for leave to file the motion, Gryphon proposes the following briefing schedule for the motion:

| Motion | Party | Deadline |
|---|---|---|
| Motion | Gryphon | April 26, 2024 |
| Response | Sphere | May 10, 2024 |
| Reply | Gryphon | May 20, 2024 |

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Elizabeth C. Carter
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com
elizabeth.carter@hoganlovells.com

*Attorneys for Defendant*
*Gryphon Digital Mining, Inc.*

Enclosure

cc: All Counsel of Record (via ECF)